IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID HILL,**

    **Petitioner,**

    v.

**CHARLOTTE JENKINS, WARDEN,**

    Respondent.

**CASE NO. 2:17-CV-864**
**JUDGE GEORGE C. SMITH**
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d).

### Facts and Procedural History

Petitioner challenges his November 29, 2012 convictions pursuant to his guilty plea in the Licking County Court of Common Pleas on two counts of rape and two counts of unlawful sexual conduct. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> Appellant negotiated a plea agreement wherein the State moved to amend the indictment from two counts of rape of a child under 13 which would carry a life sentence to two counts of rape by force which carried a maximum sentence of 11 years for each count. On November 29, 2012, Appellant plead guilty to the two amended rape counts and also plead guilty to two counts of unlawful sexual conduct with a minor. Appellant was sentenced to an agreed upon sentence of 12 years in prison. The 12 year sentence was reached

by imposing a four year sentence on each rape count to run concurrent with each other. In addition, four years on each unlawful sexual conduct count consecutive to each other and consecutive to the rape count for a total sentence of 12 years.

Appellant did not appeal his initial conviction and sentence. Rather, approximately two years lately, Appellant filed a "Motion to Re–Sentence" based upon Appellant's contention the trial court lacked any evidence to support findings sufficient to impose consecutive sentences. The trial court denied the motion, and Appellant has appealed.

Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth one proposed Assignments of Error. Appellant has also raised assignments of error pro se.

In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

Counsel in this matter has followed the procedure in Anders v. *California* (1967), 386 U.S. 738.

POTENTIAL ASSIGNMENTS OF ERROR

ASSIGNMENT OF ERROR FROM COUNSEL

I.

"THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RESENTENCING TO ADDRESS AN ERROR IN IMPOSING CONSECUTIVE SENTENCES."

> ASSIGNMENTS OF ERROR FROM APPELLANT PRO SE
>
> II.
>
> "THE TRIAL COURT COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO ADDRESS THE CONSECUTIVE SENTENCES DURING SENTENCING."
>
> III.
>
> "THE TRIAL COURT COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE A NOTICE OF APPEAL FOR HIS CLIENT WITHIN 30 DAYS OF HIS CLIENT BEING SENTENCED."

*State v. Hill*, No. 15-CA-13, 2016 WL 1176036, at *1-2 (Ohio App. 5th Dist. Mar. 17, 2016). On March 17, 2016, the appellate court affirmed the judgment of the trial court, denying Petitioner's claims as barred under Ohio's doctrine of *res judicata*, and for failure to file a motion for a delayed appeal. *Id*. On October 26, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hill,* 147 Ohio St.3d 1412 (Ohio 2016).

On October 2, 2017, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the trial court erred by denying the motion for re-sentencing to address an error in the imposition of consecutive sentences (claim one); that he was denied the effective assistance of trial counsel based on his attorney's failure to object to imposition of consecutive terms of incarceration (claim two); that he was denied the effective assistance of counsel because his attorney failed to file a timely notice of appeal (claim three); and that he was denied his 5th and 14th Amendment right to "adjudicate for the first time in a post-conviction proceeding the claim that he received incompetent counsel" (claim four).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final on December 30, 2012, thirty days after Petitioner's November 29, 2012, entry of sentence, when the time period expired to file a timely appeal. *See Watkins v. Dayton Corr. Inst.*, No. 2:16-cv-501, 2016 WL 3855206, at *2 (S.D. Ohio July 15, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515,

518–19 (6th Cir. 2001)); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A)). The statute of limitations expired one year later, in December 2013. Petitioner, however, waited more than three years and eight months, until September 2017, before executing this habeas corpus petition. (ECF No. 1, PageID# 16.) Petitioner's December 8, 2014 motion for re-sentencing did not toll or otherwise affect the running of the statute of limitations because the statute of limitations had already expired prior to the filing of that motion. "State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. 2244(d)(2)." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("A 'petitioner' is 'entitled to equitable tolling' if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**Recommended Disposition**

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED** as barred by the one-year statute of limitations.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE