**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID HILL,**

    **Petitioner,**

    v.

**CHARLOTTE JENKINS, WARDEN,**

    **Respondent.**

**CASE NO. 2:17-CV-00864
JUDGE GEORGE C. SMITH
Magistrate Judge Vascura**

## OPINION AND ORDER

On October 10, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases recommending that this action be **DISMISSED** as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d)**.** (Doc. 2.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 3.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 3) is **OVERRULED**. The *Report and Recommendation* (Doc. 2) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred. He complains that the Respondent has yet to respond to the merits of his claims. Petitioner argues that his attorney's failure to file a timely appeal or failure to file a motion for a delayed appeal denied him the effective assistance of counsel and excuses his untimely filing. Petitioner additionally submits that this action is timely under the provision of 28 U.S.C. § 2244(d)(1)(D), which provides that that statute of limitations does not begin to run until "the date

on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." According to Petitioner, the statute of limitations did not begin to run under the provision of § 2244(d)(1)(D), because his attorney provided him with incorrect information regarding the impact of *State v. Foster*, 109 Ohio St.3d 1 (Ohio 2006) (severing as unconstitutional fact-finding portions of Ohio's sentencing statutes) on his sentence, and the statute of limitations therefore did not begin to run until December 2014, after he conducted legal research and discovered the factual predicate for his claim that the trial court had erred in imposing consecutive terms of incarceration. Petitioner contends that he would have timely appealed but for trial counsel's inaccurate advice regarding the impact of *Foster*. Petitioner maintains that these circumstances warrant equitable tolling of the statute of limitations, because bad advice from counsel purportedly prevented him from filing a timely appeal. These arguments are not persuasive.

Petitioner challenges his November 29, 2012, convictions in the Licking County Court of Common Pleas on two counts of rape and two counts of unlawful sexual conduct. He pleaded guilty pursuant to the terms of his negotiated a plea agreement whereby the State amended "the indictment from two counts of rape of a child under 13 which would carry a life sentence to two counts of rape by force which carried a maximum sentence of 11 years for each count." *State v. Hill*, No. 15-CA-13, 2016 WL 1176036, at *1 (Ohio App. 5th Dist. March 17, 2016). The trial court imposed a sentence of twelve years imprisonment pursuant to the agreement of the parties. *Id*. "The 12 year sentence was reached by imposing a four year sentence on each rape count to run concurrent with each other. In addition, four years on each unlawful sexual conduct count consecutive to each other and consecutive to the rape count for a total sentence of 12 years." *Id*. Petitioner did not file an appeal or otherwise challenge his sentence until approximately two

years later, when he filed a "Motion to Re-Sentence" arguing that the trial court lacked a basis for imposition of consecutive terms of incarceration. *See id*.

As discussed by the Magistrate Judge, applying the provision of § 2244(d)(1)(A), Petitioner's conviction became final on December 30, 2012, when the time period expired to file a timely appeal. It expired one year later, in December 2013, long before Petitioner executed this habeas corpus petition, in September 2017. Moreover, the record does not reflect that application of the provision of § 2244(d)(1)(D) assists him. Petitioner "bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim" under § 2244(d)(1)(D). *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Petitioner has failed to meet this burden here. Despite his arguments to the contrary, the factual predicate for Petitioner's claim was readily apparent in 2012, when the trial court imposed sentence, not two years later, after Petitioner had finished conducting his legal research. *See Houston v. Coleman*, No. 3:16-cv-3043, 2017 WL 4174799, at * (N.D. Ohio Aug. 8, 2017) (" '[N]ewly discovered law' cannot restart the limitations period for a § 2254 petition; only new facts may do so.") (citing *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013)).

> § 2244(d)(1)(D) is triggered by the inability to discover the factual predicate of a claim, rather than the inability to understand the legal issues that may be raised based on known facts. *Cf. Tatum v. Warden, Allen Corr. Inst.,* No. 1:07–cv–355, 2008 WL 1766790, at *1, *7 n. 5 (S.D.Ohio Apr.11, 2008) (Beckwith, J.; Black, M.J.) (and cases cited therein) (the § 2244(d)(1)(D) "inquiry turns on the discovery of the facts giving rise to the petitioner's claim, not the discovery of the legal basis or all evidence supporting the claim") (internal citation and quotation omitted); *see also Dixon v. Jeffreys,* No. 2:11–cv–86, 2011 WL 6009695, at *3 (S.D.Ohio Oct.5, 2011) (Deavers, M.J.) (*Report & Recommendation*) (quoting *Reese v. Timmerman—Cooper*, No. 3:10–cv–218, 2010 WL 2998880, at *1 (S.D.Ohio June 28, 2010) (Merz, M.J.) (*Report & Recommendation*) ("Nothing in § 2244 suggests that the statute

> begins to run when a petitioner finally understands the legal significance of facts relevant to his claim.")), adopted, No. 2:11–cv–86, 2011 WL 6019102 (S.D.Ohio Dec.1, 2011) (Graham, J.).

*Harris v. Warden*, No. 1:12-cv-261, 2013 WL 492993, at *7 (S.D. Ohio Feb. 7, 2013).

Similarly, the record does not reflect that equitable tolling of the statute of limitations is warranted. The one-year statute of limitations is subject to equitable tolling where the litigant's failure to meet the legally-mandated deadline unavoidably arose from circumstances beyond his control. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted sparingly. *Robertson*, 624 F.3d at 783. In order to demonstrate that he is entitled to equitable tolling of the statute of limitations, the Petitioner must establish that he has diligently pursued relief and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt,* 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted); see also *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citations omitted). These are conditions typical for many prisoners and do not rise to the

level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D.Tenn. Jan.9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D.Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. App'x 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C.Cir. 2000); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D.Tex.1998)). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv– 264, 2012 WL 1229397, at *9 (W.D.Mich. April 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D.Mich. Nov.11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D.Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). In *Holland,* 560 U.S. 631, the Supreme Court held that egregious misconduct by an attorney may constitute an extraordinary circumstance warranting equitable tolling of the statute of limitations, but noted that a "garden variety claim of excusable neglect," such as a miscalculation that leads a lawyer to miss a filing deadline, would not justify the equitable tolling of the statute of limitations. *Id*. at 651-52 (citations omitted).

Petitioner has failed to establish either that he acted diligently in pursuing relief, or that some extraordinary circumstances prevented his timely filing. Petitioner does not allege any egregious misconduct on the part of defense counsel. Further, the Court does not require a response from the Respondent regarding the merits of Petitioner's claims where the record reflects that the case is plainly barred from review as untimely. "A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases." *Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *Day v. McDonough*, 547 U.S. 198 (2006)).

Therefore, for the foregoing reasons and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 3) is **OVERRULED**. The *Report and Recommendation* (Doc. 2) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* ——U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

6

'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Upon review of the record, this Court is not persuaded that reasonable jurists would debate whether this Court was correct in its dismissal of the case as time-barred. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

      **IT IS SO ORDERED.**

      *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**